# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| GALE CLAPPER,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED AIRLINES, INC.<br><br>    Defendant. | Case No. 20-cv-02635<br><br>Hon. Manish S. Shah<br>Magistrate Judge Maria Valdez |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR RECONSIDERATION**

Defendant United Airlines, Inc. ("United"), by and through its counsel of record, Sean C. Herring and Audrey Olson Gardner of Jackson Lewis P.C., hereby submits this response to the motion for reconsideration filed by Plaintiff Gale Clapper ("Plaintiff").

## INTRODUCTION

Notwithstanding the sound reasoning of the Court's decision granting United's motion for summary judgment, Plaintiff has filed a redundant motion for reconsideration seeking a second bite at the same apple. However, it is well established in the Seventh Circuit that motions for reconsideration are to be used only in the rarest of circumstances and are an extraordinary measure of relief that are discouraged by courts. Plaintiff has disregarded those principles. Her motion for reconsideration merely rehashes the same arguments she made in her opposition to United's motion for summary judgment and otherwise offers blanket statements and conclusions without citations to the record or relevant case law. She has failed to explain in any way how the Court's decision was based upon manifest error of law or fact, as she must. She instead makes clear that she is simply disappointed with the Court's decision and wants the Court to re-evaluate the same arguments and evidence but reach the opposite conclusion. That is not a proper use of a motion

1

for reconsideration. For these reasons, as well as those discussed below, United requests that the Court deny Plaintiff's motion for reconsideration.

## BACKGROUND

On April 1, 2022, United filed a motion for summary judgment on all claims in Plaintiff's Complaint. (Dkt. Nos. 76-77.) Plaintiff filed an opposition to United's summary judgment on May 16, 2022 and United filed its reply on June 21, 2022. (Dkt. Nos. 81-84, 87-89.) Through those filings, United and Plaintiff collectively presented the Court with:

- Briefing and argument regarding the facts and applicable law;
- A declaration from Plaintiff (portions of which the Court disregarded due to lack of foundation);
- Plaintiff's collective bargaining agreement ("CBA");
- United's relevant employment policies from its Working Together Guidelines and Inflight Policies and Procedures for flight attendants;
- United's April 2019 letters to Plaintiff regarding her investigative review meeting;
- United's statement of findings from the May 6, 2019 investigative review meeting;
- A screenshot of surveillance video showing a customer service representative was present on April 2, 2019, when Plaintiff deplaned and that Plaintiff had a brief conversation with the customer service representative;
- Plaintiff's termination letter;
- United's COBRA notice to Plaintiff;
- Documents related to Plaintiff's post-termination appeals pursuant to the CBA;
- Absence certificates submitted by Plaintiff's physician;
- A statement of charges showing that United paid for Plaintiff's May-June 2019 hip surgery and recovery;
- Plaintiff's EEOC intake form wherein she admits she is not disabled;
- The full transcripts and accompanying exhibits of Plaintiff's deposition as well as the depositions of defense witnesses Rosalyn Bishop and Richard Flowers; and
- Relevant excerpts from the depositions of defense witnesses Robert Krabbe, Daniel Dentzer, and Rachel Telson.

(*See* Dkt. Nos. 76-77, 81-84, 87-89.) The Court considered that evidence in deciding United's motion for summary judgment. (*See* Order[1] p. 2-11.) On October 25, 2022, after reviewing the evidence and applicable law, the Court, in a thorough 23-page opinion, ruled that Plaintiff failed to raise a genuine issue of material fact as to any of the claims in her Complaint and according granted United's motion for summary judgment in full. (*See id.*, p. 1-23.) The following week, on November 4, 2022, Plaintiff filed the instant motion for reconsideration. (Dkt. No. 94.)

## STANDARD OF REVIEW

A motion for reconsideration under Rule 59(e) of the Federal Rules of Civil Procedure is an "extraordinary remedy reserved for the exceptional case." *Certain Underwriters at Lloyds v. CSX Transp., Inc.,* No. 20-cv-0795-SPM, 2022 U.S. Dist. LEXIS 71001 at *3 (S.D. Ill. April 18, 2022) (citing *Foster v. DeLuca,* 545 F.3d 582, 584 (7th Cir. 2008.)) Indeed, motions for consideration are heavily disfavored in the Seventh Circuit. *HCP of Ill., Inc. v. Farbman Group I, Inc.,* 991 F.Supp.2d 999, 1000 (N.D. Ill. 2013) (citing *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990).) As such, "a party moving for reconsideration bears a heavy burden and its motion must be supported by a showing of extraordinary circumstances." *Mahurkar v. C.R. Bard, Inc.,* 2003 U.S. Dist. LEXIS 21518 at *1 (N.D. Ill. Dec. 1, 2003) (citing *Caisse Nationale de Credit Agricole v. CBI Industries, Inc.,* 90 F.3d 1264, 1270 (7th Cir. 1996)).

Extraordinary circumstances are particularly warranted before granting a motion for reconsideration because a court's opinions "are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." *Cehovic-Dixneuf v. Wong,* 895 F.3d 927, 932 (7th Cir. 2018). Further, "[s]piraling dockets and limited judicial resources necessarily preclude a

---

[1] "Order" refers to the Court's Memorandum Opinion and Order, Dkt. No. 92.

3

permissive attitude toward attempts by losing parties to have another go at it." *HCP of Ill., Inc. v. Farbman Group I, Inc.,* 991 F.Supp.2d at 1000. Indeed, reconsideration "is not a mechanism that allows a party to revisit strategic decisions that prove to be improvident, to make arguments that could and should have been made in prior briefing, to express mere disagreement with a decision of the court, or to reprise or 'rehash' arguments that were rejected." *Terese F. v. Saul,* 396 F.Supp.3d 793, 794 (N.D. Ill. 2019) (internal citations omitted).

Rule 59(e) motions are instead "for the limited purpose of correcting a manifest error and a manifest error is not demonstrated by the disappointment of the losing party; rather, it is the wholesale disregard, misapplication, or failure to recognize controlling precedent." *Certain Underwriters at Lloyds v. CSX Transp., Inc.,* 2022 U.S. Dist. LEXIS 71001 at *3 (citing *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000)) (internal brackets and quotation marks omitted.) A manifest error of law or fact occurs "when there has been a significant change in the law or facts since the parties presented the issue to the court, when the court misunderstands a party's arguments, or when the court overreaches by deciding an issue not properly before it." *United States v. Ligas*, 549 F.3d 497, 501–02 (7th Cir. 2008) (*citing Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990)). "To be within a mile of being granted, a motion for reconsideration has to give the tribunal to which it is addressed a reason for changing its mind." *Ahmed v. Ashcroft*, 388 F.3d 247, 249 (7th Cir. 2004).

## ARGUMENT

**A.      Plaintiff Has Not Shown that The Court Made a "Manifest Error of Law or Fact."**

In order to prevail on her motion for reconsideration, Plaintiff must show that the Court made a "manifest error of law or fact" in its decision. *Oto,* 224 F.3d at 606. She has failed to do so and, indeed, cannot do so. "A manifest error of law is the 'disregard, misapplication, or failure to recognize controlling precedent.'" *Anderson v. Holy See,* 934 F.Supp.2d 954, 958 (N.D. Ill.

4

2013) (internal citation omitted); *see also In re August, 1993 Regular Grand Jury,* 854 F. Supp. 1403, 1407 (S.D. Ind. 1994) (noting that a manifest error of law is "more than a quibble over the proper application or interpretation of legal authority[.]")

Here, the Court's thoughtfully reasoned opinion shows it correctly analyzed Plaintiff's age discrimination, disability discrimination, retaliation, and ERISA claims under controlling legal precedent. Plaintiff has not suggested that any legal principle was omitted or incorrectly relied upon. Thus, Plaintiff has not shown that the Court engaged in any "manifest error of law" sufficient to warrant granting her motion for reconsideration.

Similarly, the Court did not engage in any "manifest error of fact" as it relied solely upon the undisputed facts submitted by the parties in their respective Rule 56.1 statements. (*See* Order p. 2-11.) Further, Plaintiff has not cited to any new evidence not previously submitted to be considered, nor has she suggested that the Court failed to understand her arguments or overreached by deciding an issue not properly before it. *See United States v. Ligas,* 549 F.3d at 501 (identifying the circumstances when a district court may reconsider a prior decision.)

As such, because Plaintiff has not shown that the Court committed any "manifest error of law or fact," her motion for reconsideration should be denied.

**B.      Plaintiff Fails to Show The Court Made an Improper Credibility Determination.**

Plaintiff argues the Court's summary judgment order is incorrect because the Court "made an improper credibility assessment" when it held that she failed to return a passenger's lost property. Mot.[2] p. 3. However, in so arguing, Plaintiff does not contend that the Court believed one side's testimony over the other. Instead, she essentially argues the Court did not consider the reasons why she did not return the iPad and the jury should have been permitted to hear her

---

[2] "Mot." refers to Plaintiff's Motion for Reconsideration, Dkt. No. 94.

explanation. *Id.* at p. 3-4. That is not a credibility determination. *Compare Ritchie v. Glidden Co.,* 242 F.3d 713, 723 (7th Cir. 2001) (noting that whether a witness's testimony is reliable is a type of credibility determination.)

Further, contrary to Plaintiff's argument, the Court **did** consider Plaintiff's purported explanation as to why she failed to return the passenger's missing iPad in its decision. *See* Order p. 5-6. Specifically, the Court recognized that after locating the missing iPad, Plaintiff "tried to catch up to the purser who had been aboard the aircraft, intending to turn the iPad over to him" and that "she attempted and failed to find the customer service representative at the gate a second time" for purposes of returning the iPad. *Id.* Additionally, the Court explicitly noted that, "Clapper intended to either return the iPad to the airport on her next flight or have an Apple store trace the owner." *Id.* at p. 6. However, the Court explained that ultimately and most critically, "she didn't do either of those things" – which Plaintiff herself does not dispute. *See* Mot. p. 4-5. Plaintiff also argued that she merely "forgot about the iPad." Mot. p. 4. The Court acknowledged that proffered explanation too, specifically stating, "Clapper forgot about the iPad because she was flying for much of the next two weeks, dealing with a flood in her basement, and preparing for surgery." Order p. 6. Thus, Plaintiff's argument that the Court failed to consider the reasons why she did not timely return the iPad or contact United about the iPad is baseless.

The Court made all inferences in Plaintiff's favor and fully accepted her claim that she meant to return the iPad all along yet simply forgot to do so. However, the Court correctly reasoned that Plaintiff's explanation did not change the fact that she "was required to hand over customer property retrieved on an aircraft to a customer service representative…failed to do so, and…brought the customer's iPad to her home and forgot about it for two weeks." Order p. 18. The Court properly held that undisputed fact was the reason for Plaintiff's employment termination. *Id.* Indeed, the Court recognized that United had concluded "Clapper had violated

6

the company's internal guidelines" and then terminated her employment "because Clapper had deprived a customer of his property and failed to follow company guidelines." *Id.*

Thus, Plaintiff has not demonstrated how the Court made any inappropriate credibility determination based on the undisputed facts. To the contrary, the Court simply applied the undisputed material facts to the law and reached the correct conclusion. Plaintiff's contention that the Court engaged in an improper credibility determination is baseless.

C. **The Court Correctly Concluded Plaintiff is Not Disabled.**

Plaintiff next argues that the Court incorrectly held she is not disabled under the Americans with Disabilities Act. Mot. p. 8. However, in support of that argument, Plaintiff does not offer any case law in support of her position nor does she identify where the Court purportedly went wrong. Instead, she merely argues she "had difficulty walking" and therefore the Court should have rendered her disabled under the ADA. *Id.* Plaintiff is mistaken. She has failed to demonstrate any error or misunderstanding by the Court with respect to whether she is disabled under the ADA. Indeed, she cannot do so, as the Court's opinion thoroughly considered the relevant case law in holding that walking with a limp is not a disability. *See* Order, Dkt. No. 92, p. 14 (citing *Moore v. J.B. Hunt Transport, Inc.*, 221 F.3d 944, 951 (7th Cir. 2000.) As such, Plaintiff's motion for reconsideration of the Court's decision granting United summary judgment on her ADA claim should be denied.

D. **The Court Correctly Held That Blanco Is Not Similarly Situated to Plaintiff.**

Plaintiff further incorrectly argues that the Court improperly concluded that Julian Blanco was not "similarly situated" to her for purposes of her discrimination claims. Mot. p. 8-9. In making this argument, Plaintiff again does not identify any "extraordinary circumstances" that warrant reconsideration of the Court's opinion nor does she identify any "material errors" in the Court's analysis. Instead, she simply asserts that Blanco was similarly situated to her because he:

7

(1) "neglected his duties" on April 2 and was therefore also responsible for the missing iPad; (2) had previously been disciplined but never terminated; and (3) was assigned to the same base and subject to the same standards as her. *Id.* at p. 9. Those assertions do not warrant reconsideration of the Court's opinion.

As the Court correctly recognized, the Seventh Circuit has held that factors to consider in the "similarly situated" analysis include: (1) whether comparators dealt with the same supervisor, (2) were subject to the same standards, and (3) engaged in similar conduct. *Coleman v. Donahoe,* 667 F.3d 835, 846-47 (7th Cir. 2012.) The Court already acknowledged that Blanco "may have been subject to similar standards" as Plaintiff—a factor she needlessly reiterates in her motion for reconsideration. *See* Order p. 16; Mot. p. 9. However, at summary judgment, Plaintiff failed to show that she and Blanco were subject to the same supervisor—and her motion for reconsideration remains silent on that critical point as well. *See* Mot. p. 9. Moreover, Plaintiff still fails to cite to any evidence establishing that Blanco engaged in conduct similar to Plaintiff, i.e., taking home a passenger's personal property and then failing to return it. Instead, she merely argues that Blanco "neglected his duties" on April 2. However, "neglecting duties," whatever that may mean, is not synonymous with taking home a passenger's iPad and not returning it. Indeed, as the Court explained, even if Blanco had neglected his duties, such "misconduct wouldn't have been comparable to Clapper's because she took customer property home and failed to alert the company or customer." Order p. 17.

Finally, the Court noted that Plaintiff failed to offer evidence that Blanco was not disabled and was under 40 years of age. While she now conveniently alleges in her motion for reconsideration that Blanco was in his twenties in 2019, she fails to cite to any evidence in the record supporting this assertion.

8

As such, Plaintiff has failed to demonstrate any extreme circumstances or material errors warranting reconsideration of the Court's conclusion that Blanco was similarly situated to her.

**E.       The Court Correctly Held That Plaintiff Failed to Show Pretext.**

Plaintiff also argues that United "had pretextual reasons for firing her, one that Ms. Clapper (sic) has discredited." Mot. p. 10.  Again, Plaintiff does not indicate specifically how the Court supposedly erred in its decision and instead recycles the same arguments set forth in her opposition to United's motion for summary judgment.

Specifically, Plaintiff once again argues that: (1) her supervisor, Rosalyn Bishop, knew of her age and disability; (2) the human resources employee, Rachel Telson, informed Plaintiff that she could pursue surgery using Medicare; (3) United did not extend the disciplinary period to accommodate Plaintiff's surgery; (4) United terminated Plaintiff outside the thirty day period under the collective bargaining agreement; (5) a screenshot of Plaintiff returning to the gate in search of a customer representative to return the iPad was overlooked during the investigatory meeting; and (6) the flight's purser, Blanco, was not disciplined for the incident.  *See* Mot. p. 10.  However, in its opinion, the Court thoroughly examined each and every one of those contentions, but ultimately (and correctly) concluded that "[n]one of these arguments show that United's stated reason [for terminating Clapper's employment] was a lie."  *See* Order p. 18-21.

Thus, Plaintiff has not explained at all how the Court's decision was incorrect or involved any "manifest error."  She certainly has not demonstrated any "extraordinary circumstances" warranting amendment or alteration of the judgment.

**F.       The Court Correctly Concluded that United Did Not Intend to Interfere with Plaintiff's Benefits in Violation of ERISA.**

Finally, Plaintiff argues that the Court should reconsider its decision regarding her ERISA claim because "Ms. Clapper did sufficiently plead a *prima facie* case."  Plaintiff confuses the

9

standard for a Rule 12 motion to dismiss with a Rule 56 motion for summary judgment. As the Court correctly recognized, to establish a prima facie case of a section 510 violation at the summary judgment on her ERISA claim, Plaintiff needed to cite to evidence showing that she: (1) belonged to the protected class; (2) was qualified for her position; and (3) was discharged under circumstances that provide some basis for believing that United intended to prevent Plaintiff from using her benefits. *See* Order p. 22 (citing *Isbell v. Allstate Ins. Co.*, 418 F.3d 788, 796 (7th Cir. 2005)). Nevertheless, if United "advance[d] a legitimate, nondiscriminatory reason for its action…there's no need to decide whether [Clapper] has established the prima facie case." *Id.*

Here, the Court recognized that United advanced a legitimate, nondiscriminatory reason for terminating Plaintiff's employment—i.e., depriving its customer of his property and failing to follow company guidelines and return it. Consistent with *Isbell v. Allstate Ins. Co.*, 418 F.3d 788, 796 (7th Cir. 2005), the Court accordingly held that Plaintiff's ERISA claim failed as a matter of law. In so holding, the Court correctly reasoned that Plaintiff "remained eligible for the healthcare program at issue even being fired, and there's no evidence that the Company intended to deprive Clapper of benefits"—a position Plaintiff now refutes without any basis and without any citations to the record. *See* Order, p. 22; Mot. p. 12.

## **CONCLUSION**

Plaintiff has not demonstrated what "extraordinary circumstances" exist so as to render the Court's summary judgment decision materially flawed. She only re-asserts the same arguments that were set forth and already rejected by the Court. Indeed, as a whole, Plaintiff has not shown that the Court's decision was based upon any manifest error of law pr fact—she simply reargues her points without any new law or supporting facts. A motion for reconsideration is not an opportunity for Plaintiff to "have another go" at the same arguments advanced previously. *HCP of Ill., Inc. v. Farbman Group I, Inc.,* 991 F.Supp.2d at 1000 (denying motion for reconsideration

where movant "essentially rehash[ed] the arguments in the original motion[.]") Thus, her motion for reconsideration is nothing more than a waste of judicial resources and should be denied.

Wherefore, for the foregoing reasons, United respectfully requests that the Court deny Plaintiff's motion for reconsideration and grant any further relief deemed just and appropriate.

Dated: December 9, 2022  Respectfully submitted,

**UNITED AIRLINES, INC.**

By: /s/ *Sean C. Herring*
Sean C. Herring
Audrey Olson Gardner
Jackson Lewis P.C.
150 N. Michigan Avenue, Suite 2500
Chicago, Illinois 60601
Tel: (312) 787-4949
Sean.Herring@jacksonlewis.com
Audrey.Gardner@jacksonlewis.com

## CERTIFICATE OF SERVICE

The undersigned, an attorney, certifies that on December 9, 2022, he caused a true and correct copy of the foregoing ***DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR RECONSIDERATION*** to be filed with the Court by electronic filing protocols, and that same will be therefore be electronically served upon all attorneys of record registered with the Court's ECF/CM system.

/s/ Sean C. Herring